IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

    Plaintiff,                    No. 2:12-cv-1657 GEB KJN

    v.

TREVOR NOORDMAN,

    Defendant.               ORDER

/

        In this case, plaintiff alleges that defendant Trevor Noordman infringed on plaintiff's copyrighted video entitled *Popular Demand* (the "Video"). (See generally First Amended Complaint, Dkt. No. 11, ¶¶ 1, 3-4.) Plaintiff's motion for default judgment is currently set to be heard on February 7, 2013. (Dkt. No. 18.)[1]

        On January 14, 2013, defendant, who is proceeding without counsel, filed a response to plaintiff's motion for default judgment. (Dkt. No. 24.) In his response, defendant states:

> I was recently informed that there was a request to enter default in my case. I wanted to report that I had no idea what court this case was filed in, and I also responded to the servings I received from

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

> [plaintiff's counsel] Brett L. Gibbs 15 days after I received it (Dec, 3rd) given the 21 day limit. I responded via e-mail to Brett L. Gibbs and asked him what court the case would be heard in because the papers served to me had no court name aside from "Eastern District." Mr. Gibbs quickly responded that it was in the Sacramento division. I continued to ask him if any other trial, or court dates were arranged and was given no response. In this letter is the e-mail conversation between me and Mr. Gibbs. I was informed by a woman via the courts main office phone number to write this letter and send it to the address.

(Id. at 1.) The e-mail chain attached to defendant's filing shows that, after defendant was served with process on December 3, 2012, defendant contacted plaintiff's counsel on December 18, 2012, indicating that defendant "wanted to respond to your guys summonings for a civil case" and inquiring whether the case was venued in Fresno, Sacramento, or Redding. (Id. at 2.) After plaintiff's counsel responded that the case was venued in the Sacramento division, defendant again contacted plaintiff's counsel on December 21, 2012, to inquire when defendant should expect to receive trial dates from the court. (Id.)

From defendant's response, it appears that defendant may have misunderstood his obligations in regards to responding to plaintiff's complaint, being under the impression that an e-mail response to plaintiff's counsel within 21 days of service was sufficient. Instead, defendant was required to serve on plaintiff's counsel, and file in court, either an answer (in accordance with Rule 8(b)-(d) of the Federal Rules of Civil Procedure), or an other appropriate response (such as a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure), to plaintiff's complaint within 21 days of service with the summons and complaint. See Fed. R. Civ. P. 12(a).

Liberally construed, defendant's response to plaintiff's motion for default judgment is essentially a request to set aside the clerk's entry of default. In light of defendant's pro se status and the "good cause" standard applicable to a request to set aside a clerk's entry of default, the undersigned hereby vacates the hearing date for plaintiff's motion for default judgment. See Fed. R. Civ. P. 55(c). Instead, within 14 days of the date of service of this order, plaintiff shall file a statement of non-opposition, or, alternatively, an opposition, to defendant's

2

request to set aside the clerk's entry of default.

If plaintiff elects to file an opposition, plaintiff shall clarify why relief from the clerk's entry of default is not appropriate in light of Ninth Circuit precedent holding that resolution of such a request is necessarily informed by the well-established policies favoring resolution of matters on the merits and generally disfavoring default judgments. See United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "Mesle") ("Crucially, . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citation and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"); O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment"). Moreover, a panel of the Ninth Circuit Court of Appeals recently recognized that the Court of Appeals's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Mesle, 615 F.3d at 1089.

In the event that plaintiff files an opposition, defendant shall have fourteen (14) days from the date of service of plaintiff's opposition to file a reply to plaintiff's opposition. Thereafter, the court will set plaintiff's motion for default judgment and defendant's request to set aside the clerk's entry of default for a hearing, if the court deems it necessary.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The February 7, 2013, hearing date currently set for plaintiff's motion for default judgment (dkt. no. 18) is VACATED.

2. Within 14 days of the date of service of this order, plaintiff shall file a statement of non-opposition, or, alternatively, an opposition, to defendant's request to set aside the clerk's default in accordance with this order.

       3.  In the event that plaintiff elects to file an opposition, defendant shall have fourteen (14) days from the date of service of plaintiff's opposition to file a reply to plaintiff's opposition.

       4.  Thereafter, the court will set plaintiff's motion for default judgment and defendant's request to set aside the clerk's entry of default for a hearing, if the court deems it necessary.

       IT IS SO ORDERED.

DATE:  January 17, 2013

_____  
KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE